UNITED STATES of America, Plaintiff,

v.

**Vincent J. RIDLEY, and Ruben C. Aldape, Defendants.**

Nos. 92–40059–01–SAC, 92–40059–02–SAC.

United States District Court, D. Kansas.

March 16, 1993.

Lee Thompson, U.S. Atty., Wichita, KS, and Gregory G. Hough, Asst. U.S. Atty., Topeka, KS, for the U.S.

Jonathan B. Phelps, Topeka, KS, for Vincent J. Ridley.

Marilyn M. Trubey, Asst. Federal Public Defender, Topeka, KS, for Ruben C. Aldape.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant Ridley's motion to reconsider (Dk. 33), the defendant Ridley's supplemental motion to reconsider (Dk. 34), and the defendant Aldape's motion to join (Dk. 38). In its order (Dk. 32) filed February 9, 1993, the court first granted the defendant Ridley's motion to join the defendant Aldape's motion to compel discovery regarding the informant and then denied the motion to compel. 814 F.Supp. 992. Now the defendant Ridley files his motion to reconsider that portion of the order, and the defendant Aldape joins his motion. The court grants Aldape's motion to join (Dk. 38) on the same conditions earlier imposed on Ridley's joinder. (Dk. 32 at 2). The government opposes the defendants' motion to reconsider.

The defendant Ridley focuses his motion to reconsider on the fact that the informant was present during the commission of the offense alleged in the indictment. How the informant's testimony would benefit Ridley's case is still largely unexplained and undeveloped. In his memorandum, Ridley says his version of the transaction differs substantially with what Agent Sabel recounts in his narrative report. Ridley contends that his counsel, at a minimum, must learn the informant's version of the transaction, in particular, what was said during the transaction. At the hearing conducted on March 12, 1993, the court asked Ridley's counsel to identify those subjects on which the informant's testimony would be helpful or relevant to his client's defense. Counsel said the testimony could be relevant on several different subjects, but he offered only one. Namely, did defendant Ridley know that the weapon sold to Agent Sabel was automatic.

In its order, the court acknowledged that the informant's presence during the alleged criminal activity is a significant factor in balancing the public interest against the defendant's need. The court, however, concluded that the factor was less important here, because of what government unconditionally and voluntarily represented to be fact, that is, an audiotape of the actual transaction existed and would be transcribed im-

mediately. The court left itself a safety net in case the tape proved inaudible or incomplete:

> If after listening to and reviewing these additional materials, the defendants believe that the scope and quality of that evidence is not cumulative with what the informant could testify to regarding the charged transaction and that these and other circumstances arguably should compel this court to reconsider its ruling on the disclosure, the defendants should file such a motion within ten days after their receipt and access to that evidence. As of this date, the defendants have failed to show that the confidential informant's testimony is relevant and essential to a fair trial.

(Dk. 32 at 8). With their motion to reconsider, the defendants submit the three-pages of transcript recently prepared by the government. The transcript sets forth first a brief conversation between the informant, Agent Sabel and defendant Aldape and then a later conversation between Agent Sabel and the informant. Both conversations apparently occurred before the transaction, and the topic discussed both times was where the transaction would take place. Contrary to what the government's counsel represented to the court during oral argument and in his brief, there is not an audible audiotape of the entire transaction. This means the confidential informant's testimony of what he recalls from the actual transaction is not cumulative with any audiotape.

Falling back onto its safety net, the court reconsiders its ruling on the defendants' motion to compel disclosure of information concerning the confidential informant. On March 8, 1993, the court conducted an *in camera* examination of Agent Sabel and the informant. They were sequestered and separately examined on the transaction and on the conversations and events during it and leading up to it.

The court does not see any material discrepancies between Sabel's testimony and the informant's testimony. Instead, the informant often only corroborated what was said by Agent Sabel. The informant's testimony on his contacts with the defendants out of the presence of Agent Sabel would not help the defendants' case. Neither the frequency nor the nature of the informant's communications with the defendant Aldape even suggest the possibility of an entrapment defense. On the subject of Ridley's knowledge concerning whether the weapon was automatic, the informant's testimony was strictly inculpatory. He recalls Ridley saying at the time of the transaction that the gun was automatic as he had seen the gun used to cut corn.

At the hearing, the government established a legitimate, if not a compelling reason, for withholding the informant's identity. This case was the first time the informant provided information to Agent Sabel. The informant is currently helping the Kansas Bureau of Investigation in an ongoing drug investigation. Automatic weapon trafficking and drug trafficking are extremely dangerous criminal enterprises. The disclosure of the informant's identity would jeopardize the ongoing drug investigation and would place the informant's safety at risk. But the risk is more than that, disclosure would also put the informant's family in danger.

The informant here does not resemble what is commonly understood by the term, "informant". He is not a narcotic addict or a petty criminal whose cooperation with law enforcement may not be completely voluntary. *See U.S. v. Padilla,* 869 F.2d 372, 377 n. 1 (8th Cir.), *cert. denied,* 492 U.S. 909, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989). He is not a transient who parlays tips into necessary cash. His cooperation with law enforcement does not stem from former criminal activity. Nor does his information come from conducting a business or being involved in something that is closely affiliated with criminal activities. Informants like him work with law enforcement officers, although the risks to them and their established lives outweigh substantially the tangible benefits from their efforts. There is a strong public interest in the protection of this informant and in encouraging others like him to provide information to law enforcement officers.

The court realizes the case law generally requires the government to disclose the identity of the informant who assists in arranging the commission of the offense and is then

present when it is committed. *See, e.g., Roviaro v. United States,* 353 U.S. 53, 61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957); *DiBlasio v. Keane,* 932 F.2d 1038, 1042 (2nd Cir. 1991); *U.S. v. Price* 783 F.2d 1132, 1138–39 (4th Cir.1986). Unlike *Roviaro,* the informant here was not the sole participant other than the defendant, and he did not actually negotiate and conduct the transaction. After arranging the meeting, his participation was limited to driving the vehicle to the scene and observing the exchange. This minimal participation does not require disclosure. *See U.S. v. Kerris* 748 F.2d 610, 614 (11th Cir. 1984). Unlike *DiBlasio* and *Price,* the informant's testimony is not critical to any asserted defense of entrapment. Indeed, the defendants have not shown how disclosure would assist substantively their defense to the charge. The mere statement that the testimony might be helpful is not enough. *U.S. v. Moore* 954 F.2d 379, 381 (6th Cir. 1992). The defendants cannot meet their burden by simple conjecture or speculation on the usefulness of knowing the informant's identity. *U.S. v. Blevins* 960 F.2d 1252, 1259 (4th Cir.1992).

Balancing the informant's minimal involvement in the transaction, the speculative helpfulness of disclosure, the inculpatory testimony given by the informant at the *in camera* hearing, and the government's compelling interest in nondisclosure, the court concludes the defendants are not entitled to disclosure of the informant's identity or the other information about him that they requested in their original motions.

IT IS THEREFORE ORDERED that the court grants the defendant Ridley's motion to reconsider (Dk. 33), the defendant Ridley's supplemental motion to reconsider (Dk. 34), and defendant Aldape's motion to join (Dk. 38), and it reconsiders its order (Dk. 32) filed February 9, 1993.

IT IS FURTHER ORDERED that the defendants are not entitled to disclosure of the informant's identity or the other information about him that they requested in their original motion.