892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Matthew JACKSON, Defendant-Appellant
 No. 88-3167.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1989.*
Decided Jan. 9, 1990.
 
 Before FERGUSON, CYNTHIA HOLCOMB HALL and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Paul Jackson challenges the district court's revocation of his probation for violation of an express restitutionary condition of his plea agreement and sentence. We affirm the court's denial of Jackson's motion for reconsideration pursuant to Fed.R.Crim.P. 35.
 
 I.
 
 3
 By superseding indictment dated June 16, 1986, a federal grand jury charged Jackson with numerous violations of federal law in connection with his operation of several allegedly fraudulent agriculture and business "lulling" schemes. Jackson subsequently entered into a plea agreement on February 22, 1987 which provided that he would plead guilty to one count of fraud in violation of 18 U.S.C. § 1341 in exchange for the dismissal with prejudice of all remaining counts. In addition, the government reserved the right to recommend that should Jackson receive a probationary sentence, the government would recommend that (1) he be ordered to pay full restitution on all counts within one year and that (2) he be made aware that failure to make such restitution would be a violation of his probation and expose him to the maximum penalty available under § 1341. Shortly thereafter, Jackson entered his guilty plea.
 
 
 4
 On April 24, 1987, the district court accepted the plea agreement, suspended sentence, and placed Jackson on five years' probation. An express condition of Jackson's probation provided that he pay restitution "of $4,134,099.00 in two (2) payments; with one-half due on or before October 24, 1987, with the remainder to be paid in full on or before April 24, 1988."
 
 
 5
 Jackson did not meet this restitution payment schedule. Despite being granted a 30-day extension in the fall of 1987, Jackson still had made no payments toward the satisfaction of his first restitution installment by December 1987. On December 18, 1987, the court held a hearing directing Jackson to show cause why his probation should not be revoked. After consideration of oral and written testimony, the court found Jackson in violation of the terms and conditions of his probation and ordered that he either pay the full amount of his restitution obligation by February 15, 1988 or "surrender himself to the custody of the United States Marshal ... to begin serving the five-year sentence ... imposed by [this] Court." Jackson failed to meet this February 15 deadline and was taken into custody.
 
 
 6
 Jackson subsequently filed a motion for reconsideration pursuant to Fed.R.Crim.P. 35 on the ground that his failure to make restitution was not willful. Jackson also requested release or bail pending disposition of his appeal under 18 U.S.C. § 3143(b). By eight-page order dated May 26, 1987, the district court denied both requests. The court rejected Jackson's argument, holding that the extent to which his failure to make restitutionary payments resulted from willful neglect was irrelevant given that Jackson's imprisonment was but the imposition of an original prison sentence rather than a penalty of imprisonment for the non-payment of a fine. Jackson now timely appeals the denial of his Rule 35 motion for reconsideration.[1]
 
 II.
 
 7
 On appeal, Jackson once again argues that his probation should not have been revoked because his failure to make restitutionary payments was not willful. Though basing our conclusion on a ground different from that of the district court, see, e.g., Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986) ("In reviewing a district court decision, we may affirm on any ground finding support on the record."), we affirm the court's order denying Jackson's motion for reconsideration of his probation revocation.
 
 
 8
 Jackson does not attack the validity of his plea agreement, the clear terms of which placed him on notice that failure to fulfill the restitution condition could subject him to reinstatement of his suspended prison term. The district court's sentencing order incorporated these conditions into Jackson's sentence. By failing to make any restitution payments by the agreed-upon dates, Jackson breached his plea agreement. The government was thus free to seek revocation of his probationary term. United States v. Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir.), cert. denied sub nom., Latorre v. United States, 108 S.Ct. 510 (1987) (defendant's breach of plea agreement released government from its obligations under that agreement); United States v. Reardon, 787 F.2d 512, 516 (10th Cir.1986) (same); see also United States v. Packwood, 848 F.2d 1009, 1011-12 (9th Cir.1988) (plea agreements "contractual in nature" and governed by contract law standards). The unilateral breach of a plea agreement, like the breach of a contract, generally carries with it certain consequences. While Jackson, in this case, may not care for the consequences attending his failure to satisfy a condition of the plea agreement, it offends no constitutional principles to allow imposition of a reasonable penalty[2] he expressly agreed to when entering into the agreement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jackson does not challenge the district court's denial of his § 3143(b) motion for immediate release on this appeal
 
 
 [2]
 In Phillips v. United States, 679 F.2d 192, 194 (9th Cir.1982), this court recently reaffirmed the principle that full restitution may be made a condition of probation, even as to dismissed counts, when a defendant consents to such payment in a plea agreement