**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Leonard LEAHY, Defendant–
Appellant.**

No. 94–2088.

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1995.

Roger A. Finzel, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Tara C. Neda, Asst. U.S. Atty. (John J. Kelly, U.S. Atty., with her on the brief), Albuquerque, NM, for plaintiff-appellee.

Before BRORBY, LOGAN and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Defendant James Leonard Leahy appeals his conviction on two counts of felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and two counts of making false statements in connection with acquiring a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1). Defendant argues that (1) the search warrant for his residence was overly broad and (2) the district court erred in refusing to require the government to identify the informant whose tip led to issuance of the search warrant.

A confidential informant (CI) provided a tip to Alcohol, Tobacco and Firearms (ATF) Agent Gwen Cook that defendant was a convicted felon who possessed a firearm. Cook confirmed the accuracy of portions of the tip, including defendant's address and prior felony conviction. Cook's affidavit supporting her application for a search warrant reported that the CI had provided reliable data about firearms and contraband on four prior occasions, and recited information obtained from the CI that she independently confirmed. When ATF agents executed the search of defendant's residence they recovered a loaded semi-automatic Colt revolver, ammunition, pawn receipts for three additional firearms he had purchased, and other firearm sales receipts. Cook later discovered that defendant had falsified information about his prior felony conviction on ATF Forms 4473 filled out during the purchase of some of the firearms.[1]

After his indictment, defendant moved to suppress the evidence seized pursuant to the search warrant, alleging that it lacked sufficient particularity. Defendant also sought to compel the government to disclose the identification of the CI. The district court denied the motion to suppress, and concluded that the motion for disclosure of the CI's identity was moot. The court also determined that defendant's stated purpose for the disclosure was improper because it would not support a defense to the indictment.

■ We review de novo the district court's determination that the search warrant was not overly broad. *United States v. Robertson,* 21 F.3d 1030, 1031 (10th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 238, 130 L.Ed.2d 161 (1994).

■ Under the Fourth Amendment, no search warrant may issue except "upon [1] probable cause, supported by Oath or affirmation, and [2] particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend. IV. This language imposes a common sense standard on the judicial officer authorizing the

---

1. A Form 4473 must be completed by the person purchasing a firearm from a federally-licensed firearms dealer. One of the questions on the form specifically addresses whether the purchaser has been convicted of a crime punishable by imprisonment for more than one year. If the purchaser answers "yes" the dealer may not sell them the firearm. Defendant received a five-year probated sentence for his prior felony conviction. The government's case also included evidence that a handwriting analysis confirmed defendant signed the Form 4473s containing false information.

issuance of a warrant. *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). "The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." I R.Supp. doc. 1 at 2. *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir.1985).

The application to search defendant's residence stated that defendant was a convicted felon, and that a CI who had consistently provided reliable information to law enforcement had advised that defendant "was in physical possession of a handgun at his residence." I R.Supp. doc. 1 at 2. The search warrant authorized seizure of "firearms, ammunition, firearm accessories, receipts and/or other documents pertaining to the possession and acquisition of firearms and ammunition." *Id.* doc. 1 at 1.

■ Defendant argues that the warrant lacked the necessary particularity because the warrant language encompassed antique firearms that are specifically excluded from the prohibitions of 18 U.S.C. § 921(a)(3), and by reference, from § 922(g)(1). *See id.* § 921(a)(16) (definitions in § 921 apply to Ch. 44 of Title 18, which includes § 922). We disagree. The search warrant's supporting affidavit referenced an 18 U.S.C. § 922(g)(1) violation, a felon-in-possession of a firearm charge for which defendant was ultimately convicted and was specifically limited to "firearm[s] ... *illegally possessed* by" defendant. I R.Supp. doc. 1 (emphasis added). A common sense reading of the search warrant would not permit seizure of antique firearms because § 921(a)(3) states that the term firearm "does not include an antique firearm," which defendant could have lawfully possessed.

Defendant asserts that the seized Colt revolver was so old as to have required some indicia that the CI could differentiate between a legal antique gun and one a felon could not legally possess. Defendant argues that without such information the search warrant lacked particularity. We are satisfied that the warrant did not leave the officials conducting the search the discretion to search or seize items other than those direct-

ly related to the crimes identified in the warrant. *Cf. Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 325–26, 99 S.Ct. 2319, 2323–24, 60 L.Ed.2d 920 (1979). The search focused only on firearms and documentation pertaining to firearms defendant possessed in violation of § 922(g)(1). The search warrant was sufficiently particular and supported by probable cause.

■ We review defendant's assertion that the district court erred in denying his request to reveal the CI's identity for abuse of discretion. *United States v. Martinez*, 979 F.2d 1424, 1425–26 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1824, 123 L.Ed.2d 454 (1993).

■ Disclosure of a CI's identity involves "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). "A defendant may obtain the identity and whereabouts of an informer if his testimony might be relevant to the defendant's case and justice would be best served by disclosure." *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir.1986). Disclosure is not required if the CI did not participate in the illegal activity or when information sought is cumulative. *Id.* A CI's testimony must be shown to be valuable to a defendant; mere speculation is not enough. *United States v. Mendoza–Salgado*, 964 F.2d 993, 1001 (10th Cir.1992).

■ Defendant argues that not allowing him to question the CI foreclosed the possibility of establishing that Agent Cook "knowingly and recklessly" sought an overly broad search warrant, or exploring the extent of the CI's knowledge about legal (presumably antique) firearms. Because we have upheld the district court's finding that the warrant was supported by probable cause and met the Fourth Amendment particularity requirement, the CI's actual ability to distinguish illegal firearms from antiques was irrelevant.

Further, defendant failed altogether to establish how the identity of the informant might contribute meaningfully to his defense. The defense did not seek to prove that the

seized revolver was in fact an antique that defendant could legally possess, in which case the CI's testimony might have been relevant. *See United States v. LaRoche,* 723 F.2d 1541, 1543 (11th Cir.) (defendant did not raise defense that firearm was an antique; government not required to prove the firearm was not within statutory exception), *cert. denied,* 467 U.S. 1245, 104 S.Ct. 3521, 82 L.Ed.2d 829 (1984). Defendant did not attempt to demonstrate that the affiant, Agent Cook, knowingly submitted a false affidavit, or swore to statements in her affidavit with reckless disregard for the truth. *United States v. Hernandez,* 829 F.2d 988, 992 (10th Cir.1987), *cert. denied,* 485 U.S. 1013, 108 S.Ct. 1486, 99 L.Ed.2d 714 (1988); Appellant's Brief at 20 (defendant contends Cook knowingly applied for an overly broad warrant in order to ascertain if defendant was committing a crime). Thus, defendant established no imperative for revealing the CI's identity. Defendant's right to due process and a fair trial was not impaired by the district court's protection of the CI's identity.

AFFIRMED.