**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LOY CHRIS STEVENS,

      Defendant-Appellant.

No. 04-6111

Western District of Oklahoma
(D.C. Nos. 02-CV-1764-T and
99-CR-42-T)

---

**ORDER**
Filed February 21, 2006

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Appellant's petition for rehearing is granted for the purposes of modifying the order of December 13, 2005. The modified order is attached and filed nunc pro tunc.


Entered for the Court
Elisabeth A. Shumaker, Clerk of Court


By:
      Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2005**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LOY CHRIS STEVENS,

      Defendant-Appellant.

04-6111
Western District of Oklahoma
(D.C. Nos. 02-CV-1764-T and
99-CR-42-T)

**ORDER**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Loy Chris Stevens, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Stevens has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

Mr. Stevens was convicted by a jury in United States District Court on fourteen counts of violations of federal law relating primarily to illegal possession of firearms and drugs. He was sentenced to life imprisonment on November 3, 2000. An amended notice of appeal was filed with this Court on November 21, 2000. On March 20, 2001, we granted Mr. Stevens's motion to proceed pro se on appeal and allowed his court appointed attorney to withdraw. After several stays and continuances, we set November 26, 2001, as the deadline for Mr. Stevens to file his opening brief. Having missed this deadline, Mr. Stevens's direct appeal was procedurally terminated. Over a year later, on January 13, 2003, we received Mr. Stevens's opening brief and construed it as a motion to reinstate his appeal, which we subsequently denied. Shortly thereafter, we similarly denied Mr. Stevens's petition for rehearing en banc.

Mr. Stevens then petitioned for habeas corpus relief under 28 U.S.C. § 2255, seeking to vacate his sentence for violation of his constitutional rights. Because Mr. Stevens filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), his petition is subject to its provisions. *See McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). The district court denied Mr. Stevens's petition. After the district court denied Mr. Stevens's COA application, he filed an application for a COA with

this Court on June 18, 2004. His brief identified numerous alleged constitutional violations relating to ineffective assistance of counsel, due process, and double jeopardy.

In order to appeal the denial of his § 2255 petition, Mr. Stevens must obtain a COA, which will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that an applicant establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotation marks omitted).

## II. Discussion

*A. Ineffective Assistance of Counsel*

The majority of Mr. Stevens's claims relate to various incidents which he alleges deprived him of his Sixth Amendment right to effective assistance of counsel. We review a habeas petitioner's claims of ineffective assistance of counsel de novo. *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002). In order to prevail on an claim of ineffective assistance of counsel, an appellant must show that his attorney's performance "'fell below an objective standard of reasonableness' and that the unreasonably deficient performance resulted in

prejudice." *Lucero v. Kerby*, 133 F.3d 1299, 1323 (10th Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)). Prejudice is shown when an appellant establishes "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "If we determine [appellant] has failed to prove prejudice, we need not determine whether counsel's performance was constitutionally deficient." *Lucero*, 133 F.3d at 1323 (citing *Strickland*, 466 U.S. at 697).

We conclude that none of Mr. Stevens's claims of ineffective assistance of counsel have merit. We note in passing that although Mr. Stevens raised an argument below that his attorney was deficient for failing to object to certain aspects of the jury form, he appears to have abandoned this claim on appeal. Therefore, we do not consider it. We turn first to those where he fails to demonstrate prejudice.

### 1. Failure to demonstrate prejudice

We reject a number of Mr. Stevens's ineffective assistance claims because he fails to identify the prejudice that he suffered. These claims include the failure to move for Judge Miles-LaGrange to recuse herself; the failure to object to government misconduct; the failure to (1) subpoena certain witnesses, (2) call himself as a witness, (3) properly investigate certain testimony, and (4) raise a

-4-

*Bruton* objection when the trial court admitted a statement by a nontestifying co-defendant, *see Bruton v. United States*, 391 U.S. 123 (1968); the failure to object to the trial court's allowance of a late motion in limine; and the failure to brief and argue the district court's denial of a severance motion on appeal.

Although Mr. Stevens alleges ineffective assistance of counsel in connection with each of these claims, he fails to identify any prejudice that he suffered as a result of his attorney's failure to take the requested action. Because he has failed to demonstrate with reasonable probability that the result of the proceeding would have been different had his attorney performed the actions complained of, *see Strickland*, 466 U.S. at 694, we reject each of these claims of ineffective assistance of counsel.

### 2. *Counsel was not ineffective*

We turn next to those claims of ineffective assistance of counsel that we reject because we conclude that Mr. Stevens's attorney was not ineffective for failing to take the action described in the complaint. These claims relate to his attorney's failure to object to convictions for multiple firearms and narcotics violations, the classification of methamphetamine as a Schedule II drug, his prosecution under 18 U.S.C. § 922(g), and the use of 1998 sentencing guidelines.

### a. *Convictions for multiple firearms and narcotics violations*

Mr. Stevens alleges that he was denied effective assistance of counsel when he was prosecuted and cumulatively sentenced for what he characterizes as a "Single Firearms Violation." App. Br. 16-C. He argues that, because the district court considered his crimes to be continuous and related for sentencing purposes, it was a violation of double jeopardy to punish him for the individual crimes. In support of his argument, Mr. Stevens cites this Court's decision in *United States v. Parra*, 2 F.3d 1058, 1070–71 (10th Cir. 1993), which held that a defendant could not be convicted for multiple counts of possession of a firearm during a single drug trafficking offense because he possessed more than one firearm at the time.

Mr. Stevens's reliance on *Parra* is misplaced. Unlike the defendant in *Parra*, Mr. Stevens was convicted of possession of a firearm during *different* drug trafficking offenses. The district court noted that the Second Superseding Indictment charged Mr. Stevens with possession of a .22 caliber semi-automatic on or about December 7, 1995, a 12 gauge shotgun on December 21, 1995, and a .380 caliber pistol on or about August 27, 1997. Because each of these counts was based on a separate incident of criminal conduct, Mr. Stevens's counsel was not ineffective for failing to object to the convictions as a violation of double jeopardy.

Mr. Stevens also contends that he was denied effective assistance of counsel in connection with charges on six separate counts under three federal statutes for narcotics violations. He argues that the district court erred in considering this conduct as separate offenses when it also determined that the conduct was continuous and related for sentencing purposes. We are aware of no reason his counsel should have objected to his conviction and sentencing on these multiple narcotics counts. Although Mr. Stevens relies on *Rutledge v. United States*, 517 U.S. 292 (1996), *Blockburger v. United States*, 284 U.S. 299 (1932), and *United States v. Gore*, 154 F.3d 34 (2d Cir. 1998), these cases do not support his argument. None of the cited authorities, whether considered individually or collectively, stands for the proposition that a defendant may not be convicted for separate incidents of criminal conduct where the conduct is considered continuous and related for purposes of applying the sentencing guidelines. Whether crimes are separate incidents for purposes of double jeopardy is a different question from whether they are continuous and related for purposes of application of the guidelines.

b. *Classification of methamphetamine as a Schedule II drug*

Mr. Stevens argues that he was denied effective assistance of counsel when his attorney failed to object to his sentence that considered methamphetamine a Schedule II drug, instead of a Schedule III drug. As the district court properly

-7-

noted, however, this argument is directly foreclosed by our decision in *United States v. Zamora*, 784 F.2d 1025, 1029–30 (10th Cir. 1986), in which we held that methamphetamine was properly reclassified as a Schedule II drug. Consequently, Mr. Stevens's counsel was not deficient for failing to object to the sentencing considering methamphetamine as a Schedule II drug and there was no ineffective assistance of counsel. This panel has no authority to revisit the Court's holding in *Zamora*.

### c. Prosecution under 18 U.S.C. § 922(g)

Mr. Stevens also claims that his attorney should have objected to his prosecution under 18 U.S.C. § 922(g) because Oklahoma state law allowed his lawful possession of the firearm and because the shotgun in question was an antique and therefore not subject to § 922(g). Regarding Mr. Stevens's first point, the district court correctly quoted our holding in *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994), that a "defendant can properly be convicted for possession of ammunition [or a shotgun] under § 922(g)(1), regardless of whether that same possession is prohibited under the state's law." Therefore, counsel was not ineffective for failing to raise this argument.

As to his second point, the district court found that there is no "antiquity" exception to § 922(g)(1), but that even if there was such an exception, Mr. Stevens failed to support his statement that the shotgun is an antique. Contrary to

the district court's finding, section 922(g)(1) does not include antique shotguns. *See United States v. Leahy*, 47 F.3d 396, 398 (10th Cir. 1995). The statute defines firearm as

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. *Such term does not include an antique firearm.*

18 U.S.C.§ 921(a)(3) (emphasis added). Any firearm manufactured in or before 1898 is an antique firearm under the statute. *Id.* § 921(a)(16)(A). Accordingly, Mr. Stevens could not have been prosecuted under § 922(g)(1) if he was in possession of an antique shotgun.

However, Mr. Stevens has offered no evidence that the 12 gauge pump-action shotgun that he was charged with possessing was, in fact, manufactured in or before 1898. It is true that a western style Winchester Model 1894 rifle, which was seized during the investigation, was introduced into evidence at trial. It was identified as Government Exhibit 21.3. But this was not the same weapon as the 12 gauge pump-action shotgun Mr. Stevens was charged with possessing, which was introduced at trial as Government Exhibit 12. Three witnesses testified about this shotgun, and nothing in their testimony supports an inference that it was an antique. Agent Delbert Knopp, who also was responsible for seizing the 1894 Winchester, testified that he found the 12 gauge shotgun in Mr. Stevens's home.

Agent James S. Allison testified that Mr. Stevens initially told him that the shotgun "did not belong to him; that it, in fact, belonged to his [now ex-]wife's mother." R. Vol. III, p. 292. Finally, Jeanne Burns, Mr. Stevens's ex-wife, testified that the shotgun was not originally her mother's, that the gun was "old," but that it was never treated like an heirloom. Moreover, defense counsel's cross-examination of Agent Knopp made clear that the 1894 Winchester was relevant only to his co-defendants and had nothing to do with Mr. Stevens or his alleged crimes. Accordingly, Mr. Stevens has failed to present any evidence that his shotgun was an antique and therefore exempt from prosecution under § 922(g)(1). Counsel was therefore not ineffective in failing to raise the antiquity exception.

### d. Use of the 1998 sentencing guidelines

Finally, we consider Mr. Stevens's claim that he was denied effective assistance of counsel when his attorney failed to object to his sentencing under the 1998 revision of the United States Sentencing Guidelines instead of the 1995 version. The conduct that gave rise to the first count on which Mr. Stevens was convicted occurred in December 1995, while the conduct giving rise to the last count did not occur until January 1999. Mr. Stevens alleges that the application of the 1998 guidelines to pre-1998 criminal conduct was a violation of the Ex Post Facto Clause and should have been objected to by counsel.

Relying on our decision in *United States v. Sullivan*, 255 F.3d 1256 (10th Cir. 2001), the district court determined that Mr. Stevens's conduct was continuous from December 1995 until January 1999, and therefore the application of the 1998 guidelines to all of the counts was proper. In *Sullivan*, we rejected a similar *ex post facto* challenge to the sentencing guidelines where the defendant had committed tax offenses over a period of several years. *Sullivan*, 255 F.3d at 1262-63. We concluded that the defendant's offenses were in the "same course of conduct" and therefore were properly sentenced under the most recent revision of the sentencing guidelines. *Id.* at 1263.

"We review de novo questions of law regarding application of the sentencing guidelines, and review for clear error the district court's factual findings, mindful of our obligation to give due deference to the district court's application of the guidelines to the facts." *United States v. Spencer*, 178 F.3d 1365, 1367 (10th Cir. 1999) (internal quotation marks and citations omitted). Although Mr. Stevens disagrees with the district court's factual determination that his conduct was continuous for the purposes of application of the sentencing guidelines, he offers no support for his position other than the conclusory assertion that his conduct was not continuous or related. Because the district court's determination was not clearly erroneous, we conclude that Mr. Stevens

was properly sentenced under the 1998 Guidelines and his counsel was not deficient for failing to raise an objection.

### 3. Action complained of was taken by counsel

We next address those claims of ineffective assistance of counsel that we conclude are barred because Mr. Stevens's counsel took the action specified in the complaint. Mr. Stevens alleges that the admission of evidence seized from the addresses of 2107 and 2106 S. West 14th Street, and later determined by an Oklahoma state court to have been illegally seized, should have been objected to by his attorney. As the trial court noted, however, the record indicates that an objection to the admission of the evidence was lodged on behalf of Mr. Stevens by his attorney. Because the action complained of was taken by his attorney, we conclude that Mr. Stevens's counsel was not deficient.

Mr. Stevens also argues that he was denied effective assistance of counsel when his attorney failed to object to "double counting" during Mr. Stevens's sentencing. He argues that he was sentenced under 18 U.S.C. § 924(c), which includes possession of a firearm as an element of the crime, and then given a two-point enhancement under section 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a dangerous weapon. The district court, however, noted that an objection to the enhancement was lodged on behalf of Mr. Stevens. Thus, his attorney was not deficient in this regard.

*B.  Procedurally barred claims not raised on direct appeal*

We next address those claims by Mr. Stevens that the trial court found to be procedurally barred for not having been raised on direct appeal.  Failure to raise an issue on direct appeal precludes a defendant from later raising the issue in a § 2255 motion unless the defendant "can show cause excusing [the] procedural default and actual prejudice resulting from the errors of which [the defendant] complains, or can show that a fundamental miscarriage of justice will occur if [the] claim is not addressed."  *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.").

Mr. Stevens argues that the district court improperly dismissed as procedurally barred his double jeopardy, due process, and government misconduct claims.  In liberally construing his brief, we discern only one reason Mr. Stevens has asserted for excusing his procedural default: this Court's dismissal of his appeal.  However, "existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (explaining that examples of cause include situations where the factual or legal basis for a claim was unavailable to

-13-

counsel or where interference by officials made compliance with the rule impossible). As the Supreme Court has stated, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Id.*

Mr. Stevens has not shown cause for excusing his procedural default. Despite his numerous claims of ineffective assistance of counsel, his brief is devoid of any claim that counsel was ineffective by failing to timely file an appeal. Even if he had raised such a claim, it would necessarily fail because appellate counsel's error in filing the notice of appeal one day late did not prejudice Mr. Stevens, as this Court nonetheless agreed to hear his appeal. Nor has Mr. Stevens attempted to explain his failure to timely file his opening brief. Because he was appearing pro se at the time his brief was due, Mr. Stevens's failure to meet the filing deadline cannot be attributed to ineffective assistance of counsel. Thus, in the absence of additional information demonstrating that external factors caused his procedural default, Mr. Stevens has failed to show cause sufficient to excuse the default. Accordingly, we conclude that the double jeopardy, due process, and government misconduct claims raised by Mr. Stevens are procedurally barred. Additionally, Mr. Stevens argues that the District Court

erred in considering his double jeopardy claims as substantive and therefore barred. He asserts that the district court should have considered the claims to have been couched in terms of ineffective assistance of counsel and, accordingly, should have declined to hold his double jeopardy claims procedurally barred. We note, however, that the district court did liberally construe his pleadings and stretched to consider claims of ineffective assistance of counsel even though they were not explicitly raised. In each instance the district court found, as we have found, that there was no ineffective assistance of counsel. Thus, even if the district court had considered the ineffective assistance of counsel claims as an attempt to show cause to remove the procedural bar, the court's determination that Mr. Stevens's attorney was not ineffective leaves the procedural bar firmly in place.

C.      *District court's failure to hold an evidentiary hearing*

Finally, Mr. Stevens argues that the district court erred in denying his § 2255 motion without an evidentiary hearing. We review the denial of an evidentiary hearing in the context of a § 2255 motion for abuse of discretion. *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992). Mr. Stevens offers no support for his conclusion that he was entitled to an evidentiary hearing. Although he cites a number of cases that discuss the circumstances under which a court should allow an evidentiary hearing, he does not explain how they apply to

his case or support his argument. We conclude that the district court did not make a "clear error of judgment or exceed[] the bounds of permissible choice in the circumstances," *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994), and reject this claim.

III. Conclusion

Accordingly, we **DENY** Loy Chris Stevens's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge