**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James KERRIS, a/k/a Jimmy Ross
a/k/a Dean Baker, Michael Joseph
DeMeo, Defendants-Appellants.**

**No. 84–5080
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 12, 1984.

Stephen J. Finta, Fort Lauderdale, Fla., for Kerris.

Philip G. Butler, Jr., West Palm Beach, Fla., for DeMeo.

Stanley Marcus, U.S. Atty., Elizabeth Jenkins, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

James Kerris and Michael DeMeo appeal their convictions stemming from a sale of cocaine to Special Agents of the Federal Bureau of Investigation in August 1983. Both appellants were found guilty of violating 21 U.S.C.A. § 846 (conspiracy to possess cocaine with intent to distribute), 21 U.S.C.A. § 843(b) (use of a communication facility to facilitate commission of the conspiracy), and 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2 (possession of cocaine with intent to distribute). DeMeo was also found guilty of violating 18 U.S.C.A. § 924(c)(2) (carrying a concealed firearm during the commission of a felony). Kerris received concurrent sentences totalling ten years of incarceration plus three years of special parole. DeMeo received concurrent sentences totalling three years of incarceration plus four years of special parole. We affirm the convictions and sentences as to both appellants.

## I. FACTS

Through a confidential informant and while acting undercover, Special Agent Warren Flagg was introduced to appellant Kerris on July 13, 1983. At the time, Flagg was investigating a stolen automobile ring and was in Florida to obtain a stolen vehicle for delivery in New York. As part of his cover story, Flagg told Kerris that he had also picked up two kilograms of cocaine for delivery in New York. Kerris then offered to provide Flagg with all the cocaine he needed in the future.

On the following day, Kerris introduced Flagg to appellant DeMeo, from whom Flagg was to receive the stolen car. That evening, Flagg met with DeMeo in the latter's home to pick up the vehicle, and DeMeo asked Flagg if he needed additional cocaine. Flagg answered that he did not but, should a need arise in the future, he would be in touch.

Flagg drove the automobile to New York and spoke with Kerris by telephone several times to make arrangements for completing its delivery. During these conversations, Flagg and Kerris also discussed DeMeo's offer to sell Flagg additional cocaine. Kerris related that he and DeMeo were partners, and arrangements were made to have DeMeo deliver samples of cocaine to Flagg in New York.

DeMeo delivered the cocaine samples to Flagg on July 28, 1983, and at that time negotiated the basic terms for future sales. Flagg subsequently had several telephone conversations with both Kerris and DeMeo arranging the final details of the first sale, in which Flagg was to pay $250,000 in exchange for five kilograms of cocaine and two stolen cars.

On August 11, 1983, both appellants were arrested after DeMeo delivered two of the five kilograms of cocaine to Flagg. When placed under arrest, DeMeo was carrying a concealed handgun without a permit.

## II. ISSUES ON APPEAL

The trial court's denial of four pretrial motions is at issue in this appeal. Kerris filed a motion, which was adopted by DeMeo, to compel the government to identify the confidential informant and make him available for interview. After a hearing, the trial court denied this motion as well as a request that it interview the informant *in camera*. Kerris also made a motion in limine requesting that evidence of the stolen automobiles not be admitted at trial since the indictment referred only to offenses involving cocaine. In addition, Kerris moved to have his trial severed from that of DeMeo and, on the day of trial, for a continuance so that private counsel could be retained and substituted for his appointed attorney. These motions were denied and the trial proceeded.

The final issue on appeal concerns the different sentences given Kerris and DeMeo. Kerris contends that his sentence is unconstitutionally disproportionate and that the court was improperly influenced by information the government submitted *ex parte* in response to appellant's motion to interview the confidential informant.

## III. DISCUSSION

A. Access to the Confidential Informant.

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court reversed a criminal conviction where the defendant had been denied access to a confidential informant. For deciding such cases, the Court set forth a balancing test that weighs a defendant's need for access against the government's interest in encouraging citizens to communicate their knowledge of the commission of crimes to law-enforcement officials by preserving the anonymity of informants. *Id.* 353 U.S. at 62, 77 S.Ct. at 628. This balancing test must be applied to the unique facts and circumstances of each case. *United States v. Hansen*, 569 F.2d 406, 410 (5th Cir.1978).

Two factors are of primary importance in resolving the balancing inquiry. *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir.1979). The first considers the extent to which the confidential informant

participated in the criminal activity. In Roviaro, the informant had played a "prominent part" in the criminal occurrence and "was the sole participant, other than the accused, in the transaction charged." 353 U.S. at 64, 77 S.Ct. at 629. By contrast, in *United States v. Diaz*, 655 F.2d 580 (5th Cir.1981) (Unit B), *cert. denied*, 455 U.S. 910, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982), access to an informant was denied where, as in the present appeal, the informant had merely introduced undercover agents to the defendant and then assumed the role of an observer. "When an informant's level of involvement in the criminal activity is that of minimal participation, this factor by itself will not compel disclosure." *Id.* at 588.

■ Kerris and DeMeo assert that the confidential informant they attempted to interview participated to a significant degree in arranging the cocaine sale which resulted in their arrests. However, even though the informant was in attendance at each meeting between the appellants and Special Agent Flagg and was present when the appellants were arrested, the trial court concluded that the informant's overall participation was minimal. We do not find this conclusion to constitute error.

■ The second important factor is the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant. Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. *Gonzales, supra*, 606 F.2d at 75. The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense. *Diaz, supra*, 655 F.2d at 588.

■ In the present appeal, it is claimed that information likely to be obtained from an interview with the informant would be relevant to the defense of entrapment. The mere allegation of entrapment, however, is not alone sufficient to justify allowing the appellants access to the informant. A defendant must present some evidence of entrapment before the defense is properly raised, and, until the defense is properly raised, a court need not order the government to disclose the identity of the informant or permit access for purposes of interviewing and obtaining possible testimony. *Gonzales, supra*, 606 F.2d at 75.

Neither Kerris nor DeMeo has presented evidence sufficient to raise the defense of entrapment, and thus we decline to hold that the trial court improperly refused the appellants' motion for access. Because the appellants have failed to establish the importance of the informant's testimony, we need not consider the strength of the government's interest in preserving the confidentiality of the informant. *Diaz, supra*, 655 F.2d at 588. The district court correctly decided that the appellants were not entitled to interview the informant.

■ We similarly decline to hold that the district court abused its discretion by not interviewing the informant *in camera*. An *in camera* hearing may be helpful in balancing the interests of the appellants against those of the government, but the precedent of this Court holds that an *in camera* hearing is not required whenever the identity of an informant is requested. *United States v. Alexander*, 559 F.2d 1339, 1344 (5th Cir.1977), *cert. denied*, 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978).

B. Evidence of Stolen Automobiles.

■ In order to overturn the district court's decision to admit evidence of Kerris's involvement in the stolen automobile ring, we would have to conclude that the admission of this evidence constituted an abuse of discretion. *E.g., United States v. McMahon*, 592 F.2d 871, 873 (5th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). In this case, however, the extrinsic evidence was clearly admissible.

Flagg first learned of the appellants' cocaine dealings while posing as a participant in the stolen automobile ring. Later discussions concerning the sale of cocaine occurred during telephone calls intended primarily for making arrangements to com-

plete delivery of a stolen vehicle. The deal which culminated in the appellants' arrests was for the purchase of five kilograms of cocaine as well as two stolen cars. Clearly, the evidence of Kerris's involvement with stolen automobiles was inextricably intertwined with the evidence regarding the cocaine charges for which he was tried. Under these circumstances, the evidence of stolen automobiles was properly admitted. *United States v. Weeks,* 716 F.2d 830, 832 (11th Cir.1983); *United States v. Beechum,* 582 F.2d 898, 911–12 n. 15 (5th Cir.1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

### C. The Motion for Severance.

██ Kerris argues that the district court abused its discretion by denying his motion for severance. The basis for this argument is the allegedly prejudicial effect of DeMeo's post-arrest statements which were admitted into evidence during the appellants' joint trial. In the post-arrest statements DeMeo acknowledged his complicity in the criminal activity with which he was charged. However, we do not find reflected in the record any post-arrest statement by DeMeo implicating Kerris. Nor does Kerris explain how the admission of these statements deprived him of a fair trial. The sole authority Kerris cites is *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which merely held that hearsay evidence improperly admitted against one co-defendant, with special instructions that the jury not consider it with regard to the other defendant, provides a sufficient basis for reversing the latter defendant's conviction where the admitted evidence is so "powerfully incriminating" that it is devastating to his defense and deprives him of a fair trial. Such is not the case here. *Id.* 391 U.S. at 135, 88 S.Ct. at 1627.

██ As a general rule, co-conspirators should be tried jointly. *United States v. Astling,* 733 F.2d 1446, 1454 (11th Cir. 1984). A denial of a motion for severance constitutes an abuse of the trial court's discretion only if the appellant demonstrates that it resulted in a specific and compelling prejudice against which the court was unable to afford protection. *United States v. Russell,* 703 F.2d 1243, 1247 (11th Cir.1983); *United States v. Varella,* 692 F.2d 1352, 1360 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3542, 77 L.Ed.2d 1392 (1983). We do not find in the appellants' joint trial the compelling prejudice necessary for us to conclude that Kerris did not receive a fair trial. The district court did not abuse its discretion in denying severance.

### D. The Motion for a Continuance.

██ On the day of trial Kerris moved for a continuance to permit him to complete the financial arrangements needed to retain private counsel. The trial court, in its discretion, denied the motion, and this decision cannot be reversed absent clear abuse. *United States v. Moriarty,* 497 F.2d 486, 489 (5th Cir.1974). The decision of appellant Kerris to substitute counsel should have been made long before the day of trial, and the district court did not abuse its discretion in denying his motion. The freedom to have counsel of one's own choosing may not be used for purposes of delay. *United States v. Uptain,* 531 F.2d 1281, 1290 (5th Cir.1976).

### E. The Disproportionate Sentences.

██ Kerris finally claims that his sentence is unconstitutionally disproportionate to that of DeMeo and that the difference can only be explained by the trial court's implicit consideration of an *ex parte* statement submitted by the government in opposition to Kerris's motion to interview the confidential informant. We decline to review the severity of Kerris's sentence, standing alone, since it is well within the maximum sentence that may be imposed for the combined offenses of which he has been found guilty. *United States v. Diaz,* 662 F.2d 713, 719 (11th Cir.1981); *United States v. Becker,* 569 F.2d 951, 965 (5th Cir.), *cert. denied,* 439 U.S. 865, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). As for the claim that the trial court, in rendering the

sentence, may have considered the *ex parte* statement and sentenced the appellant based on inaccurate and unreliable information, it is mere conjecture. Kerris has not cited any specific aspect of the sentencing proceedings as evidence of the trial court's improper consideration of the *ex parte* statement. Indeed, he has altogether failed to include a transcript of the sentencing proceedings as part of the record on appeal.

The convictions and sentences of both appellants are AFFIRMED.