952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Oster WATSON, Defendant-Appellant.
 No. 91-30209.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1992.*
Decided Jan. 13, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Oster Watson appeals his conviction on four counts of distributing cocaine.
 
 
 3
 * We review for abuse of discretion the district court's decision not to order disclosure of a confidential informant and its decision not to hold an in camera hearing on the issue. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990); United States v. Fixen, 780 F.2d 1434, 1440 (9th Cir.1986). The defendant has the burden of demonstrating the need for disclosure, and mere suspicion that the informant's testimony will be helpful will not suffice. United States v. Williams, 898 F.2d 1400, 1402 (9th Cir.1990).
 
 
 4
 The informant introduced the undercover agent to Watson. Watson was not charged with the cocaine sale that allegedly followed this introduction, but with four subsequent sales of cocaine to the agent at which the informant was not present. The informant's connection to the charged criminal activity was therefore minimal. See United States v. Kerris, 748 F.2d 610, 614 (11th Cir.1984). The government's case did not depend on the credibility of the informant, but rather on the eyewitness testimony of the undercover agent, as well as overwhelming circumstantial evidence.
 
 
 5
 Watson presented only speculation that the probable testimony of the informant would be helpful to his defense of mistaken identity. Cf. United States v. Ordonez, 737 F.2d 793, 807-08 (9th Cir.1984) (evidence presented that informant would bolster mistaken identity defense). Further, Watson "did not allege facts which would indicate that disclosure was 'essential to a fair determination of [his] cause.' " United States v. Johnson, 886 F.2d 1120, 1122 (9th Cir.1989) (citation omitted). The government's assertion that the informant would be placed in danger by disclosure was not rendered disingenuous by the government's claim that Watson knew the informant as "David." The government did not allege Watson knew the informant's full name or where the informant could be located.
 
 
 6
 Since Watson did not meet his burden of showing the need for disclosure, the district court did not abuse its discretion in declining to order disclosure, and the district court could justifiably have considered an in camera hearing to be unnecessary. See Fixen, 780 F.2d at 1440.
 
 II
 
 7
 We review a district court's refusal to grant a motion to substitute counsel for abuse of discretion. United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990). We consider three factors: "(1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense." Id. (citation omitted).
 
 
 8
 The district judge cited timeliness as a reason for denying the motion to substitute counsel, noting substitution would require a continuance, the court calendar was crowded, and the government had brought in a witness from out of state. The judge noted he had made clear the case was going to go to trial as scheduled. "It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance." Id. (citations omitted).
 
 
 9
 Prior to ruling on the motion, the district judge conducted an in camera hearing to inquire into Watson's complaint. The judge was able to determine why Watson was dissatisfied with the representation he was receiving, the extent of the conflict between attorney and client, and whether attorney and client were communicating. The inquiry was properly focused "on the nature and extent of the conflict between defendant and counsel," id. at 483, and was an adequate basis on which to rule on the motion.
 
 
 10
 The in camera inquiry did not reveal a total lack of communication or irreconcilable conflict between Watson and his attorney. Watson was dissatisfied in part because the attorney had advised him to plead guilty. A pessimistic prognosis is not a ground for a change of counsel. United States v. Rogers, 769 F.2d 1418, 1424 (9th Cir.1985). Many of Watson's other disagreements with counsel concerned issues that were not relevant to the upcoming trial, such as whether the motions to suppress evidence and to grant bail had been correctly decided.
 
 
 11
 The inquiry did reveal differences between Watson and his counsel over trial strategy, but the district judge concluded such differences could be resolved by allowing a continuance so Watson and his attorney could confer. The record does not show a total lack of communication between attorney and client or that Watson had refused to cooperate with his attorney in presenting a defense. The district court did not abuse its discretion in denying the motion.
 
 III
 
 12
 The district court declined to give Watson's proposed jury instruction on "less satisfactory evidence." The court also decided not to give a somewhat similar "missing witness" instruction. Watson argues an instruction of this type was necessary because the government had deliberately refused to produce the confidential informant even though the informant might have testimony relevant to the case.
 
 
 13
 The district court has broad discretion in formulating jury instructions, and neither side is entitled to specific language. United States v. Wellington, 754 F.2d 1457, 1463 (9th Cir.1985). A defendant is, however, entitled to instructions regarding any legitimate theory of defense supported by the evidence. Id. In reviewing a challenge to jury instructions, we consider them as a whole. Id.
 
 
 14
 The requested jury instruction related solely to how much weight the jury should give to the absence of the informant as a witness. In declining to give Watson's proposed instruction, or the "missing witness" instruction, the judge did not preclude Watson from presenting argument to the jury on this issue, or prevent the jury from considering the absence of the informant as undermining the government's case. Further, because the judge had refused to order disclosure of the informant because of possible danger, and because Watson had presented no evidence the informant would have favorable testimony, it might well have been confusing and misleading to give this type of instruction.
 
 
 15
 The instructions given "allowed the jury to adopt the defendant['s] theory of the case. It is not error to refuse a proposed instruction if the other instructions, when viewed in their entirety, cover that theory." United States v. Sherlock, 865 F.2d 1069, 1084 (9th Cir.1989) (citations and quotation marks omitted).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3