United States Court of Appeals,

Eleventh Circuit.

No. 94-6712.

Anita ROBINSON, Mary K. Dupree, Cynthia L. Evans, Ernestine M. Owens, and Myra Garth-Swoope, and the class they seek to represent, Plaintiffs-Appellees,

Angela B. Taylor, Christine Williams, Patrick Harris, and Gale Rena Musing, Plaintiffs-Intervenors-Appellees,

v.

BOEING COMPANY, d/b/a Boeing Defense & Space Group, Defendant-Appellant.

April 5, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. 92-C-2004-S), U.W. Clemon, Judge.

Before TJOFLAT, Chief Judge, RONEY and CAMPBELL[*], Senior Circuit Judges.

PER CURIAM:

In this interlocutory appeal, defendant, Boeing Company, d/b/a Boeing Defense & Space Group, already represented by two law firms, challenges the denial of its motion for leave to associate additional counsel from yet another law firm for its defense team in this company-wide discrimination suit when grant of the motion would require the recusal of the trial judge who has managed the litigation for fifteen months. We affirm.

The suit was originally brought in August 1992 by a single plaintiff, Anita Robinson, who alleged racial discrimination regarding Boeing's terms and conditions of employment and that she was retaliated against for bringing charges against the company.

_____

[*]Honorable Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

The case was assigned to The Honorable U.W. Clemon. As a result of complaint amendments and additional party interventions, the lawsuit evolved over a six-month period to include nine plaintiffs and an alleged class charging race and sex discrimination with respect to all of Boeing's employment practices.

Boeing sought to associate members of the law firm of Constangy, Brooks & Smith as additional trial counsel cognizant of the fact that Judge Clemon's nephew was associated with the firm and the grant of defendant's motion would most certainly lead to Judge Clemon's recusal pursuant to 28 U.S.C. § 455(b)(5)(ii) and/or (iii). *See United States v. Kelly,* 888 F.2d 732, 745-46 (11th Cir.1989).

Boeing claimed to have based its choice of substitute counsel on the additional attorneys' knowledge of employment-related matters and the vast resources of the firm that would enable it to handle the complexities of this case. Plaintiffs asserted Boeing's true motive was to "judge shop."

A different district judge, Judge Robert B. Propst, finessed the argument that defendants were motivated by the desire to get the trial judge off the case, and said:

> ... [T]his court has concluded that it should not decide *this* motion by determining the issue of *motive.* The court concludes that the issue in this case should be decided based on the age of the pending action at the time the motion was filed. Either as a matter of law or court discretion, the court concludes that the fact that the case has been pending for fifteen months at the time the motion was filed militates against granting it in the absence of an overriding need for a particular lawyer.
>
> If the issue is truly not one of "judge shopping," the denial of the motion will not adversely affect the defendant. There is no shortage of law firms available to replace the Lanier-Ford law firm. The fact that a case has been pending

a considerable period of time lends itself to potential abuse after there has been an opportunity for considering rulings, discussions, etc. of a trial judge. No matter how extensive the discovery may be, the true motive will be elusive, non-objective and not likely truly ascertainable. The discovery issues, especially those involving attorney-client privilege, are complex, and further discovery would not likely result in a confession or "smoking gun." When there has been a passage of fifteen months, the problem is exacerbated. When there has been such a passage of time, the burden to establish the right to join a disqualifying firm is greater. The court concludes that the motion should be denied.

The court then denied a motion for reconsideration but amended its order with a § 1292(b) certification. We granted leave to appeal.

After full briefing and oral argument, we conclude that the denial of the motion to add counsel was within the discretion of the trial court, and that it did not abridge any fundamental right to counsel of choice.

In recognition of the trial court's superior understanding of local conditions and litigation tactics at the district court level, this Circuit has long held that district judges "enjoy broad discretion to determine who shall practice before them and to monitor the conduct of those who do." *United States v. Dinitz,* 538 F.2d 1214, 1219 (5th Cir.1976), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977). Courts have long accepted that resulting delay may justify the exercise of a trial judge's discretion to deny substitute counsel in the midst of litigation. *E.g., United States v. Kerris,* 748 F.2d 610 (11th Cir.1984) (not abuse of discretion to deny request for substitute counsel made on the eve of trial); *United States v. Young,* 482 F.2d 993 (5th Cir.1973) (the day of trial); *Linton v. Perini,* 656 F.2d 207 (6th Cir.1981) (week before trial), *cert. denied,* 454 U.S. 1162, 102

S.Ct. 1036, 71 L.Ed.2d 318 (1982).

The factors the trial court can fairly consider in deciding whether to allow substitute or additional counsel in the exercise of this discretion include the fundamental right to counsel, the court's docket, the injury to the plaintiff, the delay in reaching decision, the judicial time invested, the expense to the parties objecting, and the potential for manipulation or impropriety.

The twist in this case is whether delay caused by the disqualification of a trial judge, rather than delay caused by the need for time for preparation by substitute or additional counsel, somehow takes the decision outside the broad discretion afforded trial courts in these matters. No authority has been provided to us, nor have we found any authority, which would suggest anything but that delay for *any* reason is sufficient to bring the case within the exercise of discretion. In fact, the disqualification of a judge implicates several factors informing the judge's discretion, like judicial time spent, the court's docket, and the potential for manipulation. Judicial resources in this country are limited. It is incumbent on lawyers as officers of the court, as well as judges, to guard against actions and procedures to avoid the useless expenditure of judicial time. Although time alone would not necessarily reflect judicial attention, and consideration should be given to how much judicial work has actually been invested in a case, that evaluation is appropriately within the province of the trial judges. Not only is it the time a judge might have spent on rulings on the case, but the condition of crowded dockets and priorities on other judges' calendars. These

are matters known to local judges and do not lend themselves to specific findings.

The deciding judge was obviously concerned, as are other judges of that district, about the possibility that in this district the choice of lawyers may sometimes be motivated by a desire to disqualify the trial judge to whom the case has been randomly assigned, *see* Memorandum Opinion and Order of Judge William M. Acker, Jr. in *Crowder v. BellSouth Telecommunications, Inc. et al.,* CV95-AR-1270-S, attached as an Appendix hereto. This potential for manipulation or impropriety may be considered, without making specific findings, a difficulty the deciding judge reflected upon in his opinion.

In this case, the deciding judge, fully aware of all the appropriate factors, held that the resulting change of judges was sufficient reason for denial "in the absence of an overriding need for a particular lawyer." Needless to say, a showing of overriding need, rather than just convenience, a need that would reflect upon the litigant's ability to have its case fairly presented, rising to constitutional due process concerns, would trump both time delay and the loss of prior judicial activity.

Nothing in the briefs and oral argument in this Court has revealed error in the district court's decision that defendants failed to show such a need. Although there were no detailed findings of fact concerning the need for these particular lawyers, we are satisfied that the district judge fully considered the matter.

It appears that the district judge applied the appropriate

standard of law, was not clearly erroneous on the facts, acted within its discretion, and must be affirmed.

AFFIRMED.

APPENDIX

IN THE UNITED STATES
DISTRICT COURT FOR
THE NORTHERN DISTRICT
OF ALABAMA
SOUTHERN DIVISION

Sandra Crowder, Plaintiff,

v.

BellSouth Telecommunications, Inc., et al., Defendants.

Civil Action No. 95-AR-1270-S.

*MEMORANDUM OPINION AND ORDER*

At the hearing conducted on June 1, 1995, in regard to the motion of defendant, BellSouth Telecommunications, Inc., for a continuance of the hearing on the application of plaintiff, Sandra Crowder, for a preliminary injunction, the court advised the parties that it had ordered the Clerk to provide it a report of all cases filed in this court from January 1, 1993, until the present, which cases were initially assigned to Hon. U.W. Clemon and in which any attorney with the firm of Constangy, Brooks and Smith thereafter appeared for a defendant, causing Judge Clemon's recusal and a reassignment of the case to another judge of the court. The above-styled case is the first such case reassigned to the undersigned. The other such cases reflected in the Clerk's records, in the order of their filing are:

*Hicks v. ACIPCO,* 93-CV-157-S

*Williams v. AmSouth Bank,* 93-CV-249-S

*Lambert v. University of Alabama,* 93-CV-691-W

*Bryant v. Wal-Mart Inc.,* 93-CV-1658-S

*Thomas v. Parker-Hannifin Corp.,* 94-CV-353-S

*Pritchard v. Southern Company Services, Inc.,* 94-CV-475-S

*Moore v. Southern Natural Gas,* 94-CV-1164-S

*Cooper v. ALFA Mutual Ins. Co.,* 94-CV-1202-W

*Robinson v. Blue Cross and Blue Shield,* 94-CV-1382-S

*Volchko v. Z Man's Pizza, Inc.,* 94-CV-1920-W

*Coughlin v. Baptist Medical Center,* 94-CV-2310-S

*Jarman v. Jim Walter Resources, Inc.,* 94-CV-3019-W

*Richards v. Liberty National Life Ins. Co.,* 94-CV-3045-S

*Johnson v. Krystal Company,* 95-CV-406-W

*Brock v. Compass Bancshares, Inc.,* 95-CV-683-S.

The court has no way of knowing what the incidence of Constangy, Brook and Smith's being retained by defendants would have been if the above-named cases had been originally assigned to judges other than Judge Clemon, but an intelligent guess is that the incidence would have been less. What, if anything, this court should do about the matter will be for the entire court and not for one judge. Meanwhile, the defendant in this case is represented by competent counsel and shall file its answer (which may include a motion to dismiss) by 4:30 P.M., June 12, 1995.

DONE this 2nd day of June, 1995.

/s/ <u>William M. Acker, Jr.</u>

WILLIAM M. ACKER, JR.

UNITED STATES

DISTRICT JUDGE