[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12264
Non-Argument Calendar

_____

D. C. Docket No. 02-00016-CR-CAR-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAM BARBER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 13, 2005)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On October 3, 2002, a Middle District of Georgia grand jury returned a two-

count indictment charging, in Count One, appellant, Carlton Marshall, Benjamin Lewis, Timothy Hopkins, Sherman Holt, Johkomia Fletcher, Eric Forehand and Jeffrey King under 21 U.S.C. § 846 with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and charging, in Count Two, appellant and Lewis with carrying a firearm during and in relation to the drug trafficking crime alleged in Count One, in violation of 18 U.S.C. § 924(c)(1).[1]   On May 3, 2003, the Government dismissed Lewis, Fletcher and Forehand from the case for lack of sufficient evidence to convict.  On May 12, 2003, Marshall and Holt pled guilty to Count One; ten days later, Hopkins and King also pled guilty to Count One.[2]  On June 3, 2003, the Government filed a Sentence Enhancement Information stating that appellant was subject to a mandatory minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) because he had been convicted in 1991 on two felony counts of distributing cocaine.

Standing on his pleas of not guilty, appellant went to trial on June 23, 2003. The trial lasted four days.  Lewis, Holt,  Hopkins, and Evans (an unindicted co-conspirator) testified for the Government.  Appellant, relying on the defense of

[1] The indictment also contained a forfeiture count, Count Three, against all eight defendants.  That count was dismissed and thus is not before us in this appeal.

[2] As of the date of appellant's sentencing hearing in this case, these co-defendants had not been sentenced.

2

entrapment, testified in his own behalf. He claimed that the Government's confidential informant ("CI"), who introduced him to the undercover police officer (who testified for the Government), induced him to commit the Count One offense. The jury rejected his entrapment defense and found him guilty on Count One, but not guilty on Count Two. The court thereafter sentenced appellant to the mandatory minimum sentence of 240 months' imprisonment called for by 21 U.S.C. § 841(b)(1)(A).

He now appeals his conviction and sentence. He asks that we reverse his conviction, and direct the district court to enter a judgment of acquittal, because the evidence was insufficient to convict. Alternatively, he asks that we grant him a new trial because the district court abused its discretion in the following respects: (1) in admitting Fed. R. Evid. 404(b) evidence as proof on the issue of criminal intent; (2) in refusing to allow him to call the CI as a witness for the defense; (3) in refusing to allow a witness to testify about his, appellant's, financial status; and (4) in denying his motion for leave to contact jurors post verdict. Appellant challenges his sentence on the ground that the court enhanced his sentence based on facts neither admitted by him nor found by the jury, in violation of the Sixth Amendment.

We consider first appellant's attacks on his conviction, then his sentence.

I.

No discussion is required to dispose of appellant's argument that the evidence was insufficient to convict. The evidence was overwhelming, especially given the testimony of his co-conspirators. We move then to appellant's arguments that the court's abuse of discretion, as asserted above, entitles him to a new trial.

A.

Three weeks or so prior to trial, the Government, informing the court that appellant's criminal intent was an issue in the case, informed the court that it intended to introduce testimony under Fed. R. Evid. 404(b); some of appellant's co-conspirators would testify to appellant's previous involvement in cocaine trafficking, his leadership role in the conspiracy, and the occasions when he cooked crack cocaine. After hearing what the witness would say, and appellant's argument that the testimony should be excluded, the court ruled it admissible.

Appellant concedes, as he must, that although evidence of other crimes, wrongs, or acts is not admissible to prove character, such evidence, upon reasonable notice in advance of trial, "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Appellant's complaint with

4

the court's admission of the Rule 404(b) evidence at issue is that (1) he was given inadequate notice of the Government's intention to use the evidence, (2) there was insufficient evidence that the extrinsic acts actually occurred, (3) his trial attorney admittedly was unprepared, and (4) the Government intended to use the evidence to show his bad character.

We utilize the following three-part test for evaluating the admissibility of Rule 404(b) evidence: (1) the "evidence must be relevant to an issue other than the defendant's character;" (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice." United States v. Matthews, 411 F.3d 1210, 1224 & n. 14 (11th Cir. 2005).  Even though the evidence may reflect negatively on the defendant's character, it is admissible when "'inextricably intertwined' as an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which [the defendant] was indicted."  United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1982).

The policy behind Rule 404(b)'s reasonable notice requirement is "to reduce surprise and promote early resolution on the issue of admissibility." United States v. Perez-Tosta, 36 F.3d 1552, 1561 (11th Cir.1994) (citation omitted).  Although

Rule 404(b) "imposes no specific time limits," the court should consider the following three factors in determining the reasonableness of pretrial notice: (1) "[w]hen the government . . . could have learned of the availability of the witness; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the prosecution's case." Id. at 1561-62.

Addressing the four reasons appellant advances for excluding the evidence, we conclude (1) that appellant had ample notice of the Government's intent to call his co-conspirators as witnesses, (2) their testimony was sufficient to establish that the extrinsic acts occurred, (3) his trial lawyer, if prepared, could not have convinced the court to exclude the testimony, and (4) the Government did not use the testimony to show appellant's bad character. To the contrary, the challenged testimony was clearly probative of appellant's intent to participate in the charged conspiracy. In sum, we find no abuse of discretion in the court's handling of the matter.

B.

Appellant contends that the court denied him his right to a fair trial when it refused to allow him to call the CI as a defense witness. He says that, because his name had been disclosed, there was no need to maintain the CI's confidentiality.

6

Because the CI played a prominent role in the drug conspiracy and was essential to support his entrapment defense, his need to have the CI testify outweighed the Government's need to protect his identity.

In determining whether the court abused its discretion in barring appellant from calling the CI to the stand, we use a "balancing test that weighs a defendant's need for access against the government's interest in encouraging citizens to communicate their knowledge of the commission of crimes to law-enforcement officials by preserving the anonymity of informants." United States v. Kerris, 748 F.2d 610, 613 (11th Cir. 1984) (citations omitted). The test requires us to consider the extent to which the CI participated in the criminal activity and the directness of the relationship between the defendant's asserted defense and the CI's probable testimony. Id. at 613-14. "The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense." Id. at 614.

Because appellant failed to establish the importance of the CI's testimony and the Government demonstrated a genuine interest in protecting the CI's identity, the challenged ruling fell well within the district court's discretion.

C.

Appellant asserts that the district court abused its discretion by refusing to allow him to call witnesses who would have shown that he was not predisposed to

commit the charged offense. He told the court that these witnesses would testify that his financial status was poor and that this testimony would have refuted the Government's theory that he was a "big time drug dealer." In other words, a big time drug dealer would have plenty of money, and he didn't. The court precluded the testimony on the ground that it had very little relevance, if any at all.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if relevant, evidence properly may be excluded if admitting it will result in a waste of time. See Fed. R. Evid. 403.

Appellant's financial situation was not an issue in the case. Moreover, had the evidence been admitted, the proceedings would have been delayed while Government rebutted what would have been a purely collateral issue, one not germane to the question of whether appellant committed the crime charged in the indictment.

### D.

After the trial concluded, an anonymous juror informed appellant that one of the other jurors had not supported the guilty verdict. Appellant contends that to determine whether for this reason the verdict was not unanimous, the court should

have allowed him to contact the jurors to resolve the matter. The court did inquire into the situation and determine (for itself) that the verdict was unanimous, but appellant says that this was not enough; he had a right to conduct his own inquiry.

"Investigation of alleged juror misconduct is committed to the discretion of the district court and is reviewed only for an abuse of that discretion." Prosperi, 201 F.3d at 1340. This means that "the court . . . enjoys substantial discretion in choosing the investigative procedure to be used in checking for juror misconduct," United States v. Register, 182 F.3d 820, 840 (11th Cir. 1999) (internal quotation and citations omitted). When an inquiry is made into the validity of a verdict, a juror may not testify or provide an affidavit unless there is a question as to "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Fed. R. Evid. 606(b).

The court inquired of the jury foreperson. The foreperson said that no irregularities had occurred during the deliberation process and that the verdict was unanimous, as indicated by the verdict form which all twelve jurors signed. In view of the court's substantial discretion in choosing the investigatory technique, see Register, 182 F.3d at 840, as well as the constraints provided by Rule 606, we conclude that the court properly denied appellant's motion to contact the jurors.

9

II.

Appellant challenges his sentence on the ground that the court rather than the jury, in violation of the Sixth Amendment, made the factual findings regarding drug quantity and his leadership role in the offense. [3]

Where, as here, a defendant fails to raise a Sixth Amendment objection in the district court, the standard of review is for plain error.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Under plain-error review, the defendant has the burden to show that "there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal citations and quotations omitted).

At the time the district court sentenced appellant, the Sixth Amendment required that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).  After appellant was

---

[3]  He also contends that the court erred in denying him an offense level reduction for acceptance of responsibility.  Given our reason for affirming appellant's sentence, this claim is irrelevant.

10

sentenced, the Supreme Court revisited this rule in the context of the state of Washington's sentencing guideline scheme, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . . .  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  Blakely v. Washington, 542 U.S. 296, ___, 124 S.Ct. 2531, 2537 159 L.Ed.2d 403 (2004). (emphasis in original).

Later, in United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005), the Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely.  Resolving the constitutional question left open in Blakely, the Court held that the mandatory nature of the federal guidelines sentencing system rendered the system incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  Id. at ___,125 S.Ct. at 749-51.  The Court concluded that the appropriate remedy was to excise two specific sections of the Sentencing Reform Act, 18 U.S.C. § 3553(b)(1) (requiring the court to impose a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing

11

standards of review on appeal).  Thus, the remedy left the Guidelines intact, while rendering them advisory only.  Id. at ___, 125 S.Ct. at 764.

In this case, as noted above, the court was required to impose a sentence in accordance with the statutory mandatory minimum prescribed by 21 U.S.C. § 841(b)(1)(A).  Appellant's Booker challenges are therefore moot.

**AFFIRMED.**