[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16674
Non-Argument Calendar

_____

D. C. Docket No. 05-00044-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK DAMON WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 2, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Mark Damon Williams appeals his conviction for possession of a firearm by

a felon.  See 18 U.S.C. §§ 922(g), 924(e).  Williams argues that the district court abused its discretion when it (1) allowed cross-examination of an exculpatory witness regarding character evidence that was not probative of truthfulness, (2) allowed the jury access during deliberations to a videotape of a police interview of Williams in which Williams made incriminating statements, and (3) refused to divulge the identity of a confidential informant.  We affirm Williams's conviction.

## I. BACKGROUND

In December 2004, police officers executed a search warrant on the residence of the parents of Glorietta Nix, after a confidential informant provided a statement that he had purchased cocaine at the residence.  The confidential informant also stated that there were guns in the residence and that Glorietta Nix, who allegedly also resided at the home, had a gun.  During the execution of the warrant, police officers observed Williams throw a firearm.  A loaded firearm was found under a desk in the location that the officer observed the firearm thrown.  Williams was arrested for misdemeanor possession of marijuana and was later indicted on one count of possession of a firearm by a felon.  See 18 U.S.C. §§ 922(g)(1), 924(e).

At trial, Williams denied possessing a firearm and argued that the firearm that was found belonged to Nix.  Nix testified that she had stored the firearm under

the desk earlier in the day. Over Williams's objection, the government cross-examined Nix about her alleged drug sales and mentioned, in its closing argument, that Nix was an alleged drug dealer. The jury found Williams guilty, and the district court sentenced Williams to 188 months of imprisonment.

## II. STANDARDS OF REVIEW

We review evidentiary rulings of the district court for a clear abuse of discretion. United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005). "Even where an abuse of discretion is shown, however, nonconstitutional evidentiary errors are not grounds for reversal absent a reasonable likelihood that the defendant's substantial rights were affected." United States v. Clemons, 32 F.3d 1504, 1512 (11th Cir. 1994). Evidentiary objections not raised at trial are reviewed only for plain error. United States v. King, 73 F.3d 1564, 1571–72 (11th Cir. 1996). We review for abuse of discretion a refusal by the district court to compel the government to disclose the identity of a confidential informant. United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991).

## III. DISCUSSION

Williams presents three arguments on appeal. First, he argues that the district court abused its discretion when it allowed cross-examination regarding impermissible character evidence. Next, he argues that the district court erred

3

when it allowed the jury access during deliberations to a post-arrest interview of Williams. Finally, he argues that the district court abused its discretion when it refused to require the government to divulge the identity of a confidential informant. We address each argument in turn.

*A. Cross-Examination of Witness Regarding Impermissible Character Evidence*

Williams argues that the district court abused its discretion when it allowed the government to cross-examine exculpatory witness Nix about her alleged drug sales. Williams asserts that Nix's alleged drug activity was not probative of her character for truthfulness and was an impermissible topic for cross-examination. "Federal Rule of Evidence 608(b) provides that specific instances of conduct, if probative of truthfulness or untruthfulness, may be inquired into on cross-examination of a witness." Clemons, 32 F.3d at 1511. The district court allowed the government to cross-examine Nix about her prior involvement in drug sales, conduct for which she had not been convicted.

Any error was harmless. Even when an abuse of discretion has occurred, an evidentiary error that does not violate the Constitution is not grounds for reversal unless there is a reasonable likelihood that the substantial rights of the defendant were affected. Id. We ask whether the "error probably had a 'substantial influence' on the jury's verdict." United States v. Stephens, 365 F.3d 967, 976–77

4

(11th Cir. 2004).

The evidentiary error here does not warrant reversal. Nix denied prior drug sales and merely acknowledged that the police believed that drugs were being sold out of the home of her parents and that this was the basis for the search warrant. The jury had already learned this information from prior police testimony. We cannot say that the line of questioning substantially influenced the verdict of the jury; Williams's substantial rights were not affected.

### B. Jury Access to Videotape of Post-Arrest Interview of Williams

Williams argues that the district court abused its discretion when it permitted the jury access during deliberations to a videotape of a post-arrest interview of him. Williams contends that allowing the jury access to the videotape during deliberations resulted in undue emphasis on the videotape and violated his right to be present at "every trial stage." See Fed. R. Crim. P. 43(a).

Williams's argument that the jury's access to the videotape of his post-arrest interview resulted in undue emphasis on the videotape fails. We have approved jury access to transcripts of taped conversations during deliberations, "[a]bsent a showing that the transcripts were inaccurate . . . ." United States v. Williford, 764 F.2d 1493, 1503 (11th Cir. 1985). A tape recording "is just another piece of real evidence." United States v. Onori, 535 F.2d 938, 947 (5th Cir. 1976). The district

5

court did not abuse its discretion in permitting the jury access to the videotape during its deliberations.

Williams's argument that allowing the jury access during deliberations to the videotape of his post-arrest interview violated his right to be present under Rule 43(a) also fails. Because Williams did not raise this argument at trial, we review for plain error. We have never held that a defendant has a right to be present during jury deliberations. The district court did not plainly err.

### C. Identity of Confidential Informant

Williams contends that the district court abused its discretion when it refused to require the government to disclose the identity of a confidential informant. Williams asserts that the confidential informant may have had information about the firearm at issue that would have been exculpatory to Williams. In determining whether disclosure is required, we apply a balancing test that focuses on three factors: "the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure." United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. The defendant must

show that the informant's testimony would significantly aid in establishing an asserted defense." United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984).

The district court did not abuse its discretion when it refused to require the government to disclose the identity of its confidential informant. The confidential informant was not involved in the criminal activity with which Williams was charged, and Williams does not dispute the interest of the government in protecting the confidentiality of the informant. The relationship between Williams's asserted defense, that he did not possess a firearm, and the probable testimony of the informant is tangential at best. Although the confidential informant had information that a firearm was located in the residence, to say that the confidential informant would provide exculpatory testimony for Williams requires pure conjecture. We are not persuaded that the informant's testimony would significantly aid Williams's asserted defense that he did not possess a firearm.

## IV. CONCLUSION

Williams's conviction is

**AFFIRMED.**