[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12600
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-60078-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANNI ALZATE,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(May 27, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Giovanni Alzate appeals his conviction for conspiracy to conduct financial transactions from drug proceeds, 18 U.S.C. § 1956(h).[1] No reversible error has been shown; we affirm.

On appeal, Alzate argues that the district court erred in failing to require the government to disclose the identity and whereabouts of a confidential informant ("CI") involved in the government's investigation of the conspiracy. Alzate posits that the CI had information relevant to his coercion defense.

While we normally review a district court's decision about whether to require the government to disclose the whereabouts of a CI for an abuse of discretion, United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991), we review Alzate's claim for plain error because he did not seek disclosure of the CI in connection with a coercion defense, United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005).[2] Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights,"

_____

[1] Alzate was one of 41 defendants named in a 38-count second superseding indictment; Alzate was charged only in Count 1 -- the money-laundering conspiracy count -- of the indictment.

[2] We note that Alzate did seek disclosure of the CI's whereabouts during the government's case but did so to support an entrapment defense. But, Alzate put on no evidence about entrapment, and instead, pursued a coercion defense and did not again request disclosure of the CI's whereabouts in connection with this defense during its case-in-chief.

and the error (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1271 (internal quotations and citation omitted).

The government has the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 77 S.Ct. 623, 627 (1957). But the privilege must give way where disclosure of a CI's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 628. To determine whether disclosure is warranted, we engage in a balancing test, considering three factors: (1) the extent of the CI's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the CI; and (3) the government's interest in nondisclosure. Gutierrez, 931 F.2d at 1490.

Here, we discern no error, plain or otherwise, in the district court's failure to order the government to disclose the CI's whereabouts; all three factors militate against disclosure. About the first factor, trial testimony by both Drug Enforcement Agency Task Force Officer Eddie Marill and Alzate revealed that the CI's involvement in Alzate's criminal activity was minimal. Officer Marill testified that the CI did not recruit Alzate for the two money transactions he conducted with him and another undercover officer and had little to no contact

3

with Alzate; and Alzate testified that he talked to the CI on the phone only twice and never met her in person.  See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (explaining that when a CI's level of involvement in the criminal activity of the defendant is minimal, the first factor by itself will not compel disclosure).

About the second factor, Alzate failed to show how the CI's probable testimony would have aided his asserted coercion defense.  Alzate testified that he delivered money he knew to be proceeds from drug transactions to undercover officers because his brother in Colombia had asked him to and told him his life was in danger.  Alzate believed his brother's life was in danger because of his previous involvement with drugs in Colombia.  Alzate testified that when he spoke to the CI on the phone about the deliveries, she told him that "they" needed the money to get somebody out of jail, which, he conceded, conflicted with what his brother told him.  Alzate did not conduct the transactions with the CI.  Alzate failed to show how the CI coerced him into making the deliveries, and his contention that her testimony would have aided his coercion defense because she was "apparently aware" of the threat to his brother is merely speculative. See United States v. Tenorio-Angel, 756 F.2d 1505, 1511 (11th Cir. 1985) (stating

4

that "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure").

Officer Marill testified that the CI's role in the overall money-laundering investigation was "very critical," but Alzate was only one of 37 charged in the conspiracy. Thus, in the light of the importance of the CI in the overall investigation and the CI's minimal role in Alzate's participation in the offense, the government's interest in nondisclosure was great. See Gutierrez, 931 F.2d at 1490.

Because Alzate cannot demonstrate plain error in the district court's failure to require the government to disclose the whereabouts of the CI, we affirm his conviction.[3]

AFFIRMED.

---

[3]We also note that, for the same reasons, even had Alzate preserved this issue, we would not conclude that the district court abused its discretion.